ATWOOD RESOURCES, INC., Appellant and Cross–Appellee,

v.

LEHIGH et al., Appellees and Cross–Appellants.

[Cite as *Atwood Resources, Inc. v. Lehigh* (1994), 98 Ohio App.3d 293.]

Court of Appeals of Ohio,
Tuscarawas County.

No. 94AP030011.

Decided Oct. 24, 1994.

294

*Richard M. Knoth* and *Jayne L. Jakubaitis,* for appellant and cross-appellee.

*Elizabeth Lehigh* and *Nola Hogan,* for appellees and cross-appellants.

GWIN, Presiding Judge.

Plaintiff, Atwood Resources, Inc. ("appellant"), appeals from the judgment entered in the Tuscarawas County Court of Common Pleas awarding judgment against appellant and in favor of defendants, Daniel T. Lehigh and Lehigh & Lehigh ("appellees"), the amount of $1,042 as and for attorney fees relating to appellees' successful challenge of venue in the Cuyahoga County Court of Common Pleas, pursuant to Civ.R. 3(C)(2).   Appellant assigns as error:

"Assignment of Error No. 1

"The Tuscarawas County Court of Common Pleas lacked jurisdiction to reverse a decision of a trial court in the venue matter.

"Assignment of Error No. 2

"There was no action pending at the time of transfer to warrant the award of fees.

"Assignment of Error No. 3

"Cuyahoga County Common Pleas Court erred in venuing the case since it was properly filed under Ohio Civil Rule 3."

Appellees, through means of a cross-appeal, raise the following assignments of error:

"Assignment of Error No. 1

"The trial court erred as a matter of law by not awarding cross-appellants the entire amount of attorney fees for all services performed because of the requirements of Civ.R. 12(G) and (H).

"Assignment of Error No. 2

"The trial court erred as a matter of law by not awarding cross-appellants the entire amount of attorney fees for all services performed because the temporary restraining order was dissolved and should not have been granted.

"Assignment of Error No. 3

"The trial court's award to cross-appellants of $1,042.00 in attorney fees under Civ.R. 3(C)(2) is insufficient, against the manifest weight of the competent, credible evidence, and an abuse of discretion."

## FACTS

On December 10, 1993, appellant filed a complaint in the Cuyahoga County Court of Common Pleas, seeking a temporary restraining order, preliminary injunction, and permanent injunction enjoining appellees from engaging in certain conduct. Appellant filed with its complaint a motion for temporary restraining order and preliminary injunction. On that same day, the Cuyahoga County Court of Common Pleas granted appellant's motion *ex parte* and entered a temporary restraining order enjoining appellees from engaging in the conduct described in appellant's complaint. The court contemporaneously set a preliminary injunction hearing for December 22, 1993 and ordered appellant to post a $1,000 bond with the clerk of courts.

By subsequent motions, appellees moved to dismiss the complaint and dissolve the temporary restraining order, and requested a change of venue to Tuscarawas County. On December 22, 1993, the Cuyahoga County Court of Common Pleas conducted a hearing on appellees' motion to dissolve the temporary restraining order. On December 30, 1993, that court entered the following order:

"[T]his Court finds that venue for this case is properly located in Tuscarawas County. Therefore, [appellees'] motion for change of venue is granted and the Clerk of Courts is ordered to transfer the case file to the Common Pleas Court of Tuscarawas County. Because the Court lacked venue initially in this action, the temporary restraining orders entered prior to this decision are hereby dissolved and any bond posted herein is released."

Despite that court's order changing venue, appellant filed a notice of voluntary dismissal pursuant to Civ.R. 41 on January 4, 1994, in the Cuyahoga County Court of Common Pleas. By judgment entered January 6, 1994, the Cuyahoga

County Court of Common Pleas ordered that the entire case file in the instant matter be given to appellees' attorney for delivery to the Tuscarawas County Court of Common Pleas.

On January 7, 1994, appellees moved the Tuscarawas County Court of Common Pleas for an order assessing against appellant costs and attorney fees incurred by appellees in successfully obtaining a transfer of venue from Cuyahoga County to Tuscarawas County, pursuant to Civ.R. 3(C). Following a hearing on that motion, the court awarded appellees $1,042.

## I

■ Appellant raises two separate issues in its first assignment of error. Appellant first claims that the Cuyahoga County Court of Common Pleas had denied appellees' motion for attorney fees prior to transferring the case to Tuscarawas County. Appellant therefore claims that appellees collaterally attacked the Cuyahoga County decision by raising the issue in Tuscarawas County.

Although appellees briefly raised the issue of attorney fees in Cuyahoga County, appellant has failed to preserve this issue for our review. At no time during the hearing on the motion for attorney fees filed in Tuscarawas County did appellant advise the Tuscarawas County Court of Common Pleas that the issue of attorney fees relating to the change of venue had been raised in Cuyahoga County.

■ An appellate court need not consider an error which a party "complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364, paragraph one of the syllabus, vacated in part on other grounds (1978), 438 U.S. 911, 98 S.Ct. 3137, 57 L.Ed.2d 1156; *State v. Maurer* (1984), 15 Ohio St.3d 239, 260, 15 OBR 379, 397, 473 N.E.2d 768, 788.

Appellant's failure to raise this issue in Tuscarawas County constituted a waiver of this claimed error.

■ Appellant also claims the Tuscarawas County Court of Common Pleas was the improper forum for consideration of attorney fees pursuant·to Civ.R. 3(C). That rule provides, in pertinent part:

"When an action has been commenced in a county other than stated to be proper in subdivision (D) of this rule, upon timely assertion of the defense of improper venue, as provided in Rule 12, the court shall transfer the action to a county stated to be proper in subdivision (B) of this rule.

"When an action is transferred to a county which is proper, the court may assess costs, including reasonable attorney fees, to the time of transfer against the party who commenced the action in a county other than stated to be proper in subdivision (B) of this rule."

This rule unambiguously gave the Tuscarawas County Court of Common Pleas the necessary authority to enter its award of reasonable attorney fees against appellant for appellees' successful challenge of venue in the Cuyahoga County Court of Common Pleas.

Appellant's first assignment error is overruled.

## II

Through its second assignment, appellant maintains the Tuscarawas County Court of Common Pleas had no jurisdiction to hear appellees' motion for attorney fees because appellant had previously filed its notice of voluntary dismissal, pursuant to Civ.R. 41(A). This challenge is not well taken.

As noted above, by judgment entered December 30, 1993, the Cuyahoga County Common Pleas Court found that venue for this case was properly located in Tuscarawas County and ordered the entire record transmitted to that court. However, prior to the actual transfer of that record to Tuscarawas County, appellant filed its notice of voluntary dismissal in the Cuyahoga County Court of Common Pleas.

It is appellant's argument that although the Cuyahoga County Court of Common Pleas ordered the case transferred to Tuscarawas County, the former court retained jurisdiction to accept appellant's notice of voluntary dismissal until the record was physically transferred to the latter court. Appellant directs us to *Wilson–Cook Med., Inc. v. Wilson* (C.A.4, 1991), 942 F.2d 247, wherein the court stated "that jurisdiction is not conveyed from the transferor court to the transferee court until the record is physically transferred to the transferee court." The court reasoned that such a rule would ensure that some court would have jurisdiction over a case at all times. We decline to follow such a rule.

We find that the Cuyahoga County Court of Common Pleas did not have jurisdiction to accept appellant's notice of voluntary dismissal filed pursuant to Civ.R. 41 after that court had ordered the case transferred to Tuscarawas County. To follow appellant's logic, a delay between the order of transfer and the physical transfer of the record would permit a party to continue to file dispositive motions, including motions for summary judgment, in the transferor court. Such a rule would frustrate the original order transferring venue to another court.

For these reasons, we find appellant's notice of voluntary dismissal filed pursuant to Civ.R. 41(A) in the Cuyahoga County Court of Common Pleas to be of no effect.

Appellant's second assigned error is hereby overruled.

## III

■ Through its third and final assignment, appellant maintains the Cuyahoga County Court of Common Pleas erred in finding that proper venue for this case was in Tuscarawas County. We disagree.

In support of its order transferring the case to Tuscarawas County, the court found:

"[Appellees'] evidence shows that Tuscarawas County was the location where [appellees] conducted activity that gave rise to the claim for relief where all or part of the claim for relief arose. Furthermore, Ohio case law holds that venue is proper for a breach of contract action at the location where the breach occurred. *Grange Mut. Cas. Co. v. Thompson* (1990), 61 Ohio App.3d 190 [572 N.E.2d 237]. As demonstrated above, Tuscarawas County was the location where any breach of contract occurred."

The record on appeal supports the above finding. Therefore, the Cuyahoga County Court of Common Pleas did not err in ordering the transfer of this case to Tuscarawas County.

Appellant's third assigned error is overruled.

## I, II and III

■ We shall address each of appellees' cross-assignments of error together, for they collectively assert that the trial court erred in awarding only $1,042 in attorney fees. We disagree.

In *Villella v. Waikem Motors, Inc.* (1989), 45 Ohio St.3d 36, 41, 543 N.E.2d 464, 470, the Ohio Supreme Court set forth those factors to be considered by a trial court when awarding attorney fees:

1. The time and labor involved in maintaining the litigation,

2. The novelty, complexity, and difficulty of the questions involved,

3. The professional skill required to perform the necessary legal services,

4. The experience, reputation, and ability of the attorneys and

5. The miscellaneous expenses of the litigation.

■ A trial court's decision as to the appropriate award of attorney fees will not be reversed absent an abuse of discretion. See *Painter v. Midland Steel Products Co.* (1989), 65 Ohio App.3d 273, 583 N.E.2d 1018.

"Abuse of discretion" has been defined as involving far more than a difference in opinion:

" 'The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. * * * ' " *State v. Jenkins* (1984), 15 Ohio St.3d 164, 222, 15 OBR 311, 361, 473 N.E.2d 264, 313. See, also, *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

Upon review of the record on appeal in light of the factors as contained in *Villella,* we cannot conclude that the trial court abused its discretion in awarding appellees $1,042 as and for the reasonable attorney fees associated with their successful challenge of venue in Cuyahoga County.

Accordingly, we overrule each of appellees' cross-assignments of error.

For the foregoing reasons, the judgment entered in the Tuscarawas County Court of Common Pleas, Ohio, is hereby affirmed.

*Judgment affirmed.*

WILLIAM B. HOFFMAN and FARMER, JJ., concur.