OPINION
Appellant William J. Ross ("Ross") appeals the judgment entry and consent decree of the Stark County Court of Common Pleas, which enforced a settlement between Ross and Appellee W.L. Holder Construction Co. ("Holder Construction") and Lon Swinehart ("Swinehart"). The relevant facts leading to this appeal are as follows.
The source of the long-running dispute once again before this Court is the development of a condominium project on Frank Road in Jackson Township, Stark County. Appellant Ross was legal counsel for Swinehart and several of Swinehart's businesses, including Appellee Holder Construction. Ross was also legal counsel for Belden Park, the partnership that owned the Frank Road project. Belden Park's sole partners were Mildred Searls and Bexco Development Co. ("Bexco"), with Bexco functioning as the managing general partner of Belden Park. Bexco's authorized, issued and outstanding stock was held equally by Ross and Holder Construction. In 1988, Ross asked Swinehart to get involved in the construction project. Ross and Swinehart negotiated an agreement to that end.
As a result of a dispute over said negotiated agreement, on October 14, 1994, Ross filed a verified complaint for corporate dissolution, accounting, declaratory relief and money judgment against Belden Park, Holder Construction and Swinehart. Bexco was named as a nominal party plaintiff only. Originally, Bexco's other partner in Belden Park, Mildred Searls, was also a plaintiff in this action. However, on October 16, 1995, the trial court approved an order confirming a settlement reached between Mildred Searls, Holder Construction and Swinehart.
After this settlement, the parties agreed to proceed to a bench trial on a portion of the case involving declaratory judgment relief. The issues bifurcated for trial were the relationship between Belden Park and Holder Construction and Belden Park's participation in net profits derived from the Belden Park Condominium Project.
The bench trial commenced in January, 1996. On May 7, 1996, the trial court issued its judgment entry finding the agreement entered between Holder Construction and Belden Park provided that Belden Park would develop lots only and that Holder Construction would buy those lots and build on them. Therefore, Belden Park was restricted to the role of "land developer" and only entitled to participate in the net profits derived from the development and sale of its land to Holder Construction.
On May 21, 1996, Ross filed a motion for new trial, which the trial court overruled. Appellant appealed therefrom, but this Court upheld the decision denying a new trial. See Ross v. Belden Park Co., (June 1, 1998), Stark App. No. 1996CA00429, unreported.
In addition to the foregoing, Holder and Swinehart asserted counterclaims against Ross. On July 16, 1999, Ross filed a motion for summary judgment on said counterclaims, including those involving allegations of legal malpractice. However, on October 4, 1999, the trial court overruled Ross' motion for summary judgment. By way of a stipulated judgment entry filed August 19, 1999, the parties reached an agreement that certain claims from the pleadings would be dismissed.
On October 14, 1999, a settlement conference was conducted. On November 1, 1999, the trial court conducted a pretrial, at which time the trial court indicated the case would be scheduled for jury trial on all remaining claims on January 10, 2000. Nonetheless, on November 16, 1999, Holder and Swinehart filed a motion to enforce settlement, together with a motion to approve settlement, alleging that a full and complete settlement had been reached by the parties. On December 17, 1999, Ross filed a response thereto. The court then set Holder and Swinehart's motion to enforce settlement for a hearing in lieu of the trial, utilizing the previously scheduled date of January 10, 2000. The court thereupon found that the parties had reached a binding settlement, over appellant's objections. A judgment entry to that effect was rendered on February 22, 2000.
The court also held a second hearing on February 22, 2000, for the purpose of reviewing whether or not a "reasonable" basis existed for the support of the legal malpractice counterclaims against appellant. At the hearing, appellant attempted to introduce certain exhibits which he asserted were relevant to consideration of the issue of the "reasonableness" of the malpractice counterclaims. The trial court refused to allow said exhibits. On February 22, 2000, the trial court issued a consent order which directed consummation of the settlement agreement in accordance with its terms, and entered judgment in favor of appellees on their malpractice counterclaims in the amount of $1,000,000.
Appellant filed a notice of appeal concerning the aforesaid decisions on March 22, 2000, and herein raises the following six Assignments of Error:
 I. THE TRIAL JUDGE ERRED IN FAILING TO RECUSE HIMSELF FROM HEARING, CONSIDERING AND DECIDING THE APPELLEES' MOTIONS CONCERNING ENFORCEMENT OF SETTLEMENT IN THIS CASE, TO APPELLANT'S PREJUDICE.
 II. THE TRIAL COURT ERRED IN ITS DECISION ENTERING JUDGMENT ENFORCING A PUTATIVE SETTLEMENT BETWEEN APPELLANT AND APPELLEES, TO APPELLANT'S PREJUDICE.
 III. THE TRIAL COURT ERRED IN THE MANNER IN WHICH IT PROCEEDED TO HEAR AND CONSIDER THE SO-CALLED "REASONABLENESS" OF THE ALLEGED SETTLEMENT BETWEEN APPELLANT AND APPELLEES, TO APPELLANT'S PREJUDICE.
 IV. THE TRIAL COURT ERRED IN FAILING AND REFUSING TO ADMIT INTO EVIDENCE AND CONSIDER APPELLANT'S HEARING EXHIBITS FOR THE PURPOSE OF EVALUATING THE "REASONABLENESS" OF THE ALLEGED SETTLEMENT BETWEEN APPELLANT AND APPELLEES, TO APPELLANT'S PREJUDICE.
 V. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT ON APPELLEE'S COUNTERCLAIMS, TO APPELLANT'S PREJUDICE.
 VI. THE TRIAL COURT ERRED IN SUMMARILY REJECTING APPELLANT'S CLAIM FOR PAYMENT FROM REMAINING RECEIVERSHIP FUNDS.
 I
In his First Assignment of Error, appellant contends the trial judge erred in failing to recuse himself from the proceedings sub judice. We disagree.
In cases in the courts of common pleas, the Chief Justice of the Supreme Court of Ohio has exclusive jurisdiction to determine a claim that a trial judge is biased or prejudiced. Jones v. Billingham (1995),105 Ohio App.3d 8, 11. Common pleas litigants in this type of situation must bring any challenge to the trial judge's objectivity by way of the procedure set forth in R.C. 2701.03. See In re Baby Boy Eddy (Dec. 6, 1999), Fairfield App. No. 99CA22, unreported, citing In re Miller (July 16, 1999), Montgomery App. No. 17592, unreported, at 2. Since only the Chief Justice or his designee may hear a disqualification matter, a court of appeals is without authority to void the judgment of a trial court because of bias or prejudice of the judge. Beer v. Griffith (1978),54 Ohio St.2d 440, 441-42.
Appellant failed to follow the requisite procedures for recusal requests; therefore, his arguments are without merit.
Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant argues that the court erred in ordering the enforcement of what he terms a "putative settlement" between the pertinent parties. We agree.
As a result of the hearing on January 10, 2000, the trial court added the following clause to the attempted negotiated settlement:
 The Court finds that Plaintiff Ross' concerns are protected by the addition of the following language to Paragraph 13 of the Settlement Agreement and Release:
 If at any time, Defendants and/or their heirs, executors, administrators, successors and assigns file a grievance against Plaintiff, Plaintiff shall have the right to declare this Settlement Agreement to be void and of no force and effect.
Judgment Entry, February 22, 2000, at 1.
Appellant argues that this language differs from his proposal offered to the trial court on January 10, 2000, which reads as follows:
 If it appears to Plaintiff at any time that participation in this settlement will compromise, in any way, his ethical obligation to the Bench and Bar, then he shall have the right and ability to declare this Settlement Agreement and Release to be void and of no force and effect.
Defendant's Hearing Exhibit E.
Where possible, it is generally within the discretion of the trial court to promote and encourage settlements to prevent litigation. A trial court cannot, however, force parties into settlement. Rulli v. Fan Co. (1997), 79 Ohio St.3d 374, 376, citing In re NLO, Inc. (C.A.6, 1993),5 F.3d 154. Certainly, the enforcement of settlement agreements is within the discretion of the trial court. Ross Equipment Corp. v. Riggs (Feb. 12, 1999), Geauga App. No. 98-G-2136, unreported. However, "[v]agueness of expression, indefiniteness and uncertainty as to any of the essential
terms of an agreement, have often been held to prevent the creation of an enforceable contract." Rulli at 376, quoting 1 Corbin on Contracts (Rev. Ed. 1993) 525, Section 4.1. Appellant highlights the significance of the trial court's addition to the afore cited Paragraph 13 by referencing Opinion 96-9 from the Ohio Supreme Court Board of Commissioners on Grievances and Discipline, December 6, 1996, which states: "[A]n attorney is responsible for his or her conduct and should not attempt to escape responsibility for misconduct through a contract with a client. Attempting to thwart the disciplinary process undermines the regulation of the legal profession."
The language which the defendant proposed, to wit: that participation in the settlement will compromise his obligation to the Bench and Bar" differs from the language of Judge Cigliano in that it referenced the filing of a grievance by defendants and/or their heirs, executors, administrators, successors and assigns.
In each version, appellant Ross retained the power of termination of the settlement.
We must then examine whether the change affects an essential element of the settlement agreement, thereby preventing the substituted language of the Court.
Since each clause contains the right of termination, it would seem at first glance that this presents a distinction without a difference.
However, the Court's language as opposed to that of appellant directs the opportunity to terminate to the filing of a grievance by defendant-appellees etc. and does not address the merits of such grievance.
The Ross version goes to the merits of an ethical violation as a basis for termination. This clause would violate public policy and the rules of the Supreme Court for the governing of the Bar in that it predicates termination upon a violation of ethical requirements as grounds for the right to exercise a termination.
Because of this, the Ross version was incapable of insertion into the settlement agreement and was therefore not an essential term thereof.
Appellant's Second Assignment of Error is found not well taken and is rejected.
 III
The Third Assignment of Error objected to the manner in which the Court determined the "reasonableness" of the settlement.
Essentially the claimed settlement arose out of the conduct of Appellant in his relationship as attorney/stockholder with appellees.
This conduct is analyzed by attorney Mary L. Cibella, who provided an expert opinion as to violations of professional conduct. A fact pattern comprised of 47 items upon which her opinion is based is attached to her report of September 30, 1999. Such fact pattern reasonably covers the events which had occurred between parties.
The parties, as part of the settlement, placed upon the Court the determination as to whether reasonable grounds existed for a settlement of the malpractice claims. As the brief of Appellant states on page 15 "Instead, the court simply left the parameters of the matter open and unqualified."
One must therefore inquire as to what real objection is present.
The Court was required to consider the merits of the malpractice claims as a condition precedent to a determination of "reasonableness". Obviously, by Appellant's admission, supra, opportunities to address such were open. The determination of malpractice was necessary. Sufficient competent, credible evidence is present.
This Court disagrees with the Third Assignment of Error.
 IV
The Fourth Assignment of Error asserts that the Court erroneously refused consideration of certain exhibits.
The standard of review is abuse of discretion. In order to find such we must determine if the Trial Court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgement. Blakemorev. Blakemore (1983) 5 Ohio St.3d 217
Further, we must presume the Court applied the law correctly. State v. Coombs (1985) 18 Ohio ST.3d 123, State v. Eubank (1979) 60 Ohio St.2d 183
We fail to find that the Court acted arbitrarily or unreasonably in the review of the proposed exhibits.
We therefore disagree with the Fourth Assignment of Error.
 V
In his Fifth Assignment of Error, appellant argues that the trial court improperly denied his motion for summary judgment on the appellees' counterclaims.
It is well settled that a trial court's order denying a motion for summary judgment is not a final appealable order. See State ex rel.Overmeyer v. Walinski (1966), 8 Ohio St.2d 23, 37. Thus, a movant is precluded from seeking review of the denial until such time as the court enters a subsequent, adverse, and final judgment on the merits of the claim. Balson v. Dodds (1980), 62 Ohio St.2d 287, 289. Because we find error in the trial court's decisions filed February 22, 2000, and will reverse same, the trial court has yet to reach final judgment on the merits of the claim. Therefore, appellant's challenge to the denial of summary judgment is premature at this time.
Appellant's Fifth Assignment of Error is overruled as premature.
 VI
In his Sixth Assignment of Error, appellant maintains that the trial court erred in denying his claim for attorney fees from the remaining receivership funds. We disagree.
A trial court's decision as to the appropriation of attorney fees is within the broad discretion of the trial court and cannot be reversed absent an abuse of that discretion. Atwood Resources, Inc. v. Lehigh
(1994), 98 Ohio App.3d 293, 300. A finding of abuse of discretion implies that the court acted unreasonably, arbitrarily or unconscionably.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Appellant's cursory argument provides no legal authority in support of his position. Cf. App.R. 16(A)(7). Upon review of the record, we are unpersuaded that the trial court's denial of appellant's last-minute claim against the receivership funds constituted an abuse of discretion under the facts and circumstances of this case.
Appellant's Sixth Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 ___________ Boggins, J.
Boggins Reader, V.J., concurs, Wise, P.J. concurs in part and dissents in part.