OPINION
This is an appeal from the verdict of a jury in the Municipal Court of Mansfield, Ohio wherein appellant was found guilty of the misdemeanors of resisting arrest and disorderly conduct.
The sole Assignment of Error is:
 ASSIGNMENT OF ERROR AS A MATTER OF LAW, APPELLANT'S RIGHT TO DUE PROCESS AND A FAIR TRIAL WERE PREJUDICED BY THE REBUTTAL TESTIMONY GIVEN ON BEHALF OF THE CITY BY AN ASSISTANT LAW DIRECTOR EMPLOYED BY THE CITY.
 STATEMENT OF FACTS
The facts in this case indicate that appellant, a landlord, arrived at one of her rentals to determine why the tenant was delinquent in rent.
The tenant was not at the rental unit and the occupants refused to provide names and social security numbers as requested by appellant.
The discussions resulted in the police being called.
Appellant expected a police report to be taken, which would provide the occupant information she desired. The Officers determined that the dispute was a civil matter and declined to make a report.
Events led to a confrontation between appellant and the police resulting in an arrest for the charges addressed above.
Appellant was found not guilty of an additional charge of assault.
During the trial appellant introduced character evidence as to her reputation for truthfulness and peacefulness. (T. at 193-205).
The State called three rebuttal witnesses, one of whom was Karen Cannon, an assistant prosecutor, who testified as to appellant's conduct on certain other occasions, the purpose of which was to rebut the peaceful nature of appellant.
Ms. Cannon had handled a pre-trial in the case but had not participated otherwise. (T. at 340-341).
No objection was made to the testimony of Attorney Cannon.
Appellant asserts that plain error occurred because of such rebuttal testimony even though no objection was raised.
Ordinarily, errors which arise during the course of a trial and which are not brought to the attention of the court by objection or otherwise are waived and may not be raised on appeal. Stores Realty Co. v. City ofCleveland (1975), 41 Ohio St.2d 41. See also: Atwood v. Leigh (1994),98 Ohio App.3d 293.
Crim. R. 52(B) provides:
 (B) Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.
Notice of plain error under this rule is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. See: State v. Long (1978), 53 Ohio St.2d 91;State v. Cooperrider (1983), 4 Ohio St.3d 226.
A factor which is cited by appellant in this case is DR 5-102, of the Code of Professional Responsibility.
DR5-102(A) provides:
 DR 5-102. WITHDRAWAL AS COUNSEL WHEN THE LAWYER BECOMES A WITNESS.
 (A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B)(1) through (4).
By the very language of such rule we find that it is inapplicable. Attorney Cannon was not involved in the trial of the case. Her presence at the pre-trial had no relevance to her subsequent testimony as this testimony was made possible only at trial because appellant at such time opened the door to the character of appellant.
While we agree that a prosecuting attorney should avoid testimony in a criminal proceeding, as stated in State v. Coleman (1989),45 Ohio St.3d 298, an absolute prohibition is not in place as a bar.
Guidelines are provided in Mentor Lagoons, Inc. v. Rubin (1987),31 Ohio St.3d 256:
 1. DR 5-102(A) does not render an attorney incompetent to testify as a witness in a proceeding in which he is representing a litigant. When an attorney seeks to testify, his employment as counsel goes to the weight, not the competency, of his testimony.
 2. When an attorney representing a litigant in a pending case requests permission or is called to testify in that case, the court shall first determine the admissibility of the attorney's testimony without reference to DR 5-102(A). If the court finds that the testimony is admissible, then that attorney, opposing counsel, or the court sua sponte, may make a motion requesting the attorney to withdraw voluntarily or be disqualified by the court from further representation in the case. The court must then consider whether any of the exceptions to DR 5-102 are applicable and, thus, whether the attorney may testify and continue to provide representation. In making these determinations, the court is not deciding whether a Disciplinary Rule will be violated, but rather preventing a potential violation of the Code of Professional Responsibility.
Comparing such guidelines with the case, sub judice, we find, first of all, that the mere fact that Ms. Cannon is an attorney does not prevent admissibility of her testimony. State v. Mabry (1982), 5 Ohio App.3d 13.
Secondly, no motion was made as to disqualification.
Since she was not representing the State at trial, the trial court was not required to determine, after consideration of DR 5-102, whether she could continue. The guidelines of Mentor Lagoons are not applicable here.
Appellant's Assignment of Error ultimately questions the effect, if any, on the decisions of the jury.
Appellant makes certain assumptions in this regard in her breif:
 ". . . since she had held at least one pretrial, and had presumably worked on the case to some extent to prepare for the pretrial. One cannot overlook a possible retaliatory motive to her testimony.
 Further, Atty. Cannon's testimony was not compelling; the assistant prosecutor was not "the only witness available" who could have provided the rebuttal testimony. Although she did testify as to her personal observations of appellant's conduct at the Y, her own testimony indicated that Y personnel also witnessed these events; therefore, certainly, other witnesses could have offered similar testimony. There surely were other YMCA board members, other than the prosecutor, with the same knowledge of events who could have testified as to the same matters Atty. Cannon did. The prosecution should have had to demonstrate that her testimony was the "most accurate" on the character issues on which she was called to testify.
* * *
 . . . The jury likely was unduly impressed by the character evidence provided by an "expert" prosecutor who freely gave them opinion testimony that seemed to resolve doubt as to whether appellant tended to raise her voice and conduct herself in a certain manner in her daily affairs.
 It is unfair that the jury was possibly swayed by a witness who not only is trained in the skills of prosecution, but also plied those skills prosecuting this very defendant, both as a lawyer and as a witness.
 Further, based on the fact that the jury returned a split verdict (not guilty on assault, guilty as to disorderly and resisting arrest), there is a reasonable presumption that the prejudicial testimony of the prosecutor affected the outcome. But for this character rebuttal testimony presented by a witness who was far from a "lay" witness, the jury likely would have resolved doubts as to appellant's conduct in her favor rather than convicting."
Of course, Attorney Cannon was not testifying as an expert.
Also, this court cannot deal in assumptions as to the effect, or lack thereof, of her testimony on the jury.
While the testimony of a prosecutor, as stated previously must be cautiously reviewed, we find the arguments in support of the Assignment of Error to be lacking in sufficient merit to justify reversal.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Municipal Court of Mansfield, Richland County, Ohio is affirmed. Costs to Appellant.
Hon. William B. Hoffman, P.J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.