SABBATIS, Appellant,

v.

BURKEY, d.b.a. R.B. Motors, Appellee.

[Cite as *Sabbatis v. Burkey,* 166 Ohio App.3d 739, 2006-Ohio-2395.]

Court of Appeals of Ohio,
Fifth District, Tuscarawas County.

No. 2005 AP 11 0082.

Decided May 9, 2006.

740

Tate & Renner and Richard R. Renner, for appellant.

Sani & Barnhouse Co., L.P.A., and James R. Barnhouse, for appellee.

WISE, Presiding Judge.

{¶ 1} Appellant Marilyn Sabbatis appeals the decision of the Tuscarawas County Court of Common Pleas and challenges the trial court's award of damages and attorney fees. The following facts give rise to this appeal.

{¶ 2} This is an odometer-fraud case in which appellee C. Ray Burkey, d.b.a. R.B. Motors ("Burkey"), admits that the written statements provided to appellant during the sales presentation, which were also contained in the sales contract, omitted the disclosure that the vehicle's odometer exceeded the 100,000–miles mechanical limit. Appellant purchased the vehicle believing the mileage on the odometer to be 56,984, when the actual mileage was 156,984.

{¶ 3} On February 16, 2005, appellant filed her complaint seeking remedies under Ohio's Odometer Law, R.C. 4549.49, and the Consumer Sales Practices Act, R.C. 1345.09. Burkey filed an answer to the complaint and a counterclaim for the balance of the purchase price. On September 6, 2005, appellant filed a motion for summary judgment. Appellant's motion sought attorney fees of $3,500 for the time expended on the case through September 4, 2005.

{¶ 4} The trial court conducted a hearing on appellant's motion on October 3, 2005. At this hearing, appellant explained that she was entitled to damages in the amount of $1,649.20 as follows: two payments made on the vehicle totaling $250, repairs to the vehicle totaling $899.20, the down payment of $300, and the value of her trade-in vehicle of $200. The trial court granted appellant's request to file a supplemental affidavit seeking additional attorney fees. Counsel for appellant filed this affidavit on October 4, 2005, seeking an additional $1,050 in fees for services rendered through October 3, 2005.

{¶ 5} On October 28, 2005, the trial court issued a judgment entry granting appellant's motion for summary judgment. The trial court's judgment granted appellant rescission under the Consumer Sales Practices Act and granted her a

judgment of $1,500 as the statutory remedy under the odometer-fraud statute. The trial court also ordered Burkey to pay $3,500 in attorney fees incurred through September 4, 2005. Finally, the trial court dismissed Burkey's counterclaim with prejudice.

{¶ 6} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:

{¶ 7} "I. The trial court erred in failing to grant Sabbatis judgment for her payments in this transaction as necessary element of recision [sic].

{¶ 8} "II. The trial court erred in overlooking the October 4, 2005, supplemental affidavit of counsel in determining the attorney fee award.

{¶ 9} "III. The trial [sic] erred and abused its discretion in failing to grant the plaintiff's motion to compel discovery."

### Summary Judgment Standard

{¶ 10} Our standard of review is de novo, and as an appellate court, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212. Accordingly, an appellate court must independently review the record to determine whether summary judgment was appropriate, and we need not defer to the trial court's decision. See *Brown v. Scioto Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153; *Morehead v. Conley* (1991), 75 Ohio App.3d 409, 411–412, 599 N.E.2d 786.

{¶ 11} Civ.R. 56(C) provides:

{¶ 12} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only [therefrom], that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

{¶ 13} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence that demon-

strates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. It is based upon this standard that we review appellant's assignments of error.

I

{¶ 14} In her first assignment of error, appellant maintains that the trial court erred in failing to grant her judgment for the money expended in this transaction as a necessary element of rescission. We agree.

{¶ 15} According to R.C. 1345.09(B), under the Consumer Sales Practices Act, a consumer may either rescind a transaction or recover three times the amount of his or her actual damages. At common law, a party who has been fraudulently induced to enter into a contract has the option of rescinding the contract or retaining the contract and suing for damages based upon the tort of fraudulent inducement. See *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118; *Columbus & Toledo RR. Co. v. Steinfeld* (1884), 42 Ohio St. 449. An election of remedies is required because it is inconsistent to allow the defrauded party to rescind the contract and yet, at the same time, receive the benefits of the contract.

{¶ 16} "If rescission is elected, it necessarily follows that the defrauded party is entitled to recover whatever he has already paid on the contract. This recovery is necessary because rescission is not merely a termination of the contract; it is an annulment of the contract. The primary purpose of 'rescission' is to restore the parties to their original positions as if the contract had never been formed. Returning the parties to status quo is an integral part of rescission, and in doing so it is generally necessary to award the party seeking rescission at least his out-of-pocket expenses. These out-of-pocket expenses are properly characterized as 'damages' for they represent the loss not cured by the cancellation of the contract that defendant has suffered as a result of the fraudulent inducement." *Mid–America Acceptance Co. v. Lightle* (1989), 63 Ohio App.3d 590, 599, 579 N.E.2d 721.

{¶ 17} Thus, under R.C. 1345.09(B), a consumer that has been fraudulently induced to enter a contract may either rescind the contract and return the parties to the position in which they would have been if there had been no contract or retain the contract and sue for damages based upon the fraudulent inducement. Id. at 600, 579 N.E.2d 721.

{¶ 18} In her motion for summary judgment, appellant elected the remedy of rescission. Under the remedy of rescission, appellant argues that she is entitled

to a judgment for the funds expended in connection with the transaction, which totals $1,649.20. The trial court did not compensate her for these expenses. We hold that appellant is entitled to be compensated for these "damages" because these expenses represent the loss not cured by the cancellation of the contract that appellant incurred as a result of the fraudulent inducement. Reimbursement of appellant for these out-of-pocket expenses will return her to the status quo ante.

{¶ 19} However, in awarding these damages, we note that the contract listed the trade-in value as $10. Accordingly, we award appellant $1,499.20 in damages. This matter is remanded to the trial court for that court to award appellant an additional $1,499.20 in damages.

{¶ 20} Appellant's first assignment of error is sustained.

## II

{¶ 21} Appellant maintains in her second assignment of error that the trial court erred when it overlooked her supplemental affidavit, filed on October 4, 2005, in support of her request for attorney fees. We agree.

{¶ 22} In *Atwood Resources, Inc. v. Lehigh* (1994), 98 Ohio App.3d 293, 648 N.E.2d 548, we noted that the Ohio Supreme Court has set forth five factors to be considered by a trial court when awarding attorney fees. These factors are as follows:

{¶ 23} "1. The time and labor involved in maintaining the litigation,

{¶ 24} "2. The novelty, complexity, and difficulty of the questions involved,

{¶ 25} "3. The professional skill required to perform the necessary legal services,

{¶ 26} "4. The experience, reputation, and ability of the attorneys and

{¶ 27} "5. The miscellaneous expenses of the litigation." Id. at 299, 648 N.E.2d 548, citing *Villella v. Waikem Motors, Inc.* (1989), 45 Ohio St.3d 36, 41, 543 N.E.2d 464.

{¶ 28} "A trial court's decision as to the appropriate award of attorney fees will not be reversed absent an abuse of discretion." Id. at 300, 648 N.E.2d 548. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 29} In the case sub judice, appellant contends that it is evident from the transcript of the summary-judgment hearing that the trial court expected appellant's counsel to file a supplemental affidavit concerning the attorney fees

incurred since the filing of the motion for summary judgment. In its judgment entry granting appellant's motion for summary judgment, the trial court wrote, "Plaintiff's legal counsel is granted leave to file a supplemental Affidavit in support of attorney's fees billed subsequent to 9/4/2005." In fact, the record indicates appellant had filed the supplemental affidavit on October 4, 2005. Therefore, it appears that the trial court was unaware that appellant had filed the affidavit.

{¶ 30} Accordingly, we remand this matter to the trial court for the court to review the affidavit filed by appellant on October 4, 2005, in support of her request for attorney fees. It is within the trial court's discretion whether or not to grant the additional fees.

{¶ 31} Appellant's second assignment of error is sustained.

### III

{¶ 32} In her third assignment of error, appellant maintains that the trial court abused its discretion when it failed to grant her motion to compel discovery. We disagree.

{¶ 33} The trial court failed to rule on appellant's motion to compel. Appellant is correct in stating that a trial court's failure to rule on a motion is normally deemed to be a denial of that motion for purposes of appellate review. *State v. Olah* (2001), 146 Ohio App.3d 586, 767 N.E.2d 755, fn. 2. An appellate court will not reverse a trial court's decision regarding disposition of discovery issues absent an abuse of discretion. *State ex rel. The V Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 469, 692 N.E.2d 198.

{¶ 34} Appellant argues that if the trial court had granted her motion to compel, she may have discovered insurance coverage or further evidence of damages or willfulness. We find this argument speculative. Appellant does not claim that she was prejudiced by the lack of discovery. Thus, we conclude the trial court did not abuse its discretion when it denied her motion to compel discovery.

{¶ 35} Appellant's third assignment of error is overruled.

{¶ 36} For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

Judgment affirmed in part
and reversed in part,
and cause remanded.

FARMER, J., concurs.

HOFFMAN, J., concurs in part and dissents in part.

HOFFMAN, Judge, concurring in part and dissenting in part.

{¶ 37} I concur in the majority's analysis and disposition of appellant's second assignment of error.

{¶ 38} I further concur in the majority's analysis and disposition of appellant's first assignment of error except for the damage allowance of $200 for appellant's trade-in. The contract listed the trade-in value as $10.[1] The trade-in value is flexible and a factor in establishing the ultimate selling price of the vehicle being purchased. Accordingly, I would award appellant only an additional $1,499.20 in damages.

As to appellant's third assignment of error, because our remand is limited to consideration of appellant's claim for attorney fees under appellant's second assignment of error, I concur in the decision to overrule it, but would do so because the issue is moot.[2]

---

1. It was represented at argument that appellant still has possession of the vehicle she purchased from appellee, but appellant's trade-in has been sold by appellee.

2. Appellant concedes that the issue is moot if she prevails on all the relief she requested.