DECISION AND JUDGMENT ENTRY
{¶ 1} Emerson and Loretta Bennett contracted with Erin Meshell to install a heating and air conditioning system in their home. The Bennetts sued Meshell, alleging that he failed to properly install and repair the system and asserting claims for breach of contract and for violations of the Consumer Sales Practices Act and the Home Sales Solicitation Act. Meshell failed to respond to the Bennetts' motion for a summary judgment and did not attend the pretrial conference at which the motion was to be argued. The trial court entered a summary judgment in favor of the Bennetts and awarded damages and attorneys fees. However, because the Bennetts failed to meet their initial burden to demonstrate the absence of a genuine issue of material fact and the entitlement to a judgment as a matter of law on any of their claims, a summary judgment was improper. Accordingly, we reverse. *Page 2 
 I. Facts {¶ 2} The Bennetts contracted with Meshell, doing business as E M Heating Cooling, to install a heating and cooling system in their home. The Bennetts initially contacted Meshell, who came to their home and prepared a written proposal to perform the work. The Bennetts did not accept Meshell's offer at that time. Two months later, in February 2004, the Bennetts again contacted Meshell to install the heating and cooling system, this time requesting certain alterations to the plan. Meshell prepared a second contract, which the Bennetts signed on February 8, 2004. It is not clear from the record whether Meshell made this offer at the Bennetts' residence or at Meshell's place of business. Meshell installed the heating and cooling system following the Bennetts' specifications. The Bennetts paid for this work in three installments prior to work being completed.
 {¶ 3} According to the Bennetts, Meshell improperly installed the heating and cooling system, and they allege that they sent letters rescinding the contract on July 14 and August 19, 2005. They also alleged that Meshell's faulty installation required them to pay another heating and air conditioning company to install a new system. On March 6, 2006, two years and one month from the execution of the contract, the Bennetts brought this action alleging violations of the Consumer Sales Practices Act, R.C. 1345.01 et seq., and the Home Sales Solicitation Act, R.C. 1345.21 et seq. Specifically, they alleged that Meshell had conducted business under a fictitious name not registered with the Secretary of State, that the receipts did not contain a notice of whether any deposits made were refundable, that the receipts contained no notice of the cash selling price of the work, that the receipts contained no description of the goods sold, and that *Page 3 
the contract failed to notify the Bennetts of their right to cancel the contract within three days. The Bennetts also alleged that Meshell violated the Consumer Sales Practices Act by failing to perform as required by the contract and by failing to notify the Bennetts of whether he intended to repossess or abandon the parts of the system after being notified of their intent to cancel the contract. Finally, the Bennetts alleged that Meshell breached the contract.
 {¶ 4} In his Answer, Meshell denied violating the Consumer Sales Practices Act and the Home Sales Solicitation Act and breaching the contract and he raised several defenses, including those of estoppel and the statute of limitations. Meshell also alleged that the Bennetts' damages were caused by their own negligence and that they had not attempted to rescind the contract within a reasonable time. However, Meshell admitted that the signed contract and the three receipts attached to the Bennetts' complaint were authentic.
 {¶ 5} The Bennetts moved for a summary judgment on their claims. In their motion, they provided no additional evidence beyond the pleadings except they attached printouts of cases in the Attorney General's Public Information Folder purporting to show that it was an illegal sales practice to operate a business using an unregistered fictitious name and a printout from the Secretary of State's Office purporting to show that Meshell had not registered his fictitious trade name. In their motion for a summary judgment, the Bennetts sought rescission of the contract as well as actual, statutory, and treble damages.
 {¶ 6} The trial court scheduled a final pretrial hearing, which included a hearing on all motions. According to Meshell's attorney, the date of the pretrial conference, as *Page 4 
well as the corresponding deadline for Meshell's response to the Bennetts' motion for a summary judgment, was inadvertently removed from his calendar. According to the Bennetts, however, Meshell failed to timely comply with the court's pretrial scheduling order regarding the disclosure of experts and the filing of the pretrial statement, the proposed jury instructions, the trial brief, and the jury interrogatories. When Meshell and his counsel failed to appear at the pretrial hearing, the trial court suggested that it would enter a default judgment against Meshell under a local court rule that provides, "[s]hould any attorney or party fail to comply with the directions set out in [the pretrial order], a hearing may be held immediately after any scheduled hearing and the judgment of dismissal [or default] may be entered or other appropriate sanctions imposed." However, the trial court's entry of judgment granted a summary judgment, rather than a default judgment, in favor of the Bennetts.
 {¶ 7} Meshell filed a Civ. R. 60(B) motion for relief from the trial court's judgment. However, before the trial court ruled on that motion, Meshell filed his notice of appeal. Subsequently, the trial court denied Meshell's Civ. R. 60(B) motion.
 II. Assignments of Error {¶ 8} Meshell presents the following assignments of error:
 1. "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE PLAINTIFF."
 2. "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT."
 {¶ 9} We look initially at the second assignment of error. Because Meshell filed his notice of appeal while his Civ. R. 60(B) motion was pending, the trial court lacked jurisdiction to address that motion.Howard v. Catholic Social Serv. of Cuyahoga Cty., *Page 5 Inc. (1994), 70 Ohio St.3d 141, 147, 637 N.E.2d 890, 895 ("[A]n appeal divests trial courts of jurisdiction to consider Civ. R. 60(B) motions for relief from judgment."). However, even though the trial court's order denying the motion appears to be null and void, Meshell has not filed a notice of appeal from the judgment overruling his Civ. R. 60(B) motion. "The timely filing of a notice of appeal to the Court of Appeals is a jurisdictional prerequisite." State v. Cremeans, Vinton App. No. 06CA646, 2006-Ohio-7092, at ¶ 6. Therefore, we have no jurisdiction to address the merits of his second assignment of error.
 III. Standard of Review {¶ 10} We turn now to the first assignment of error. In reviewing a summary judgment, the lower court and the appellate court utilize the same standard; we review the judgment independently and without deference to the trial court's determination. Doe v. Shaffer (2000),90 Ohio St.3d 388, 390, 738 N.E.2d 1243, 1245. Summary judgment is appropriate only when: (1) there is no genuine issue of material fact; (2) reasonable minds can come to but one conclusion when viewing the evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to judgment as a matter of law. Id. See also Bostic v. Connor (1988),37 Ohio St.3d 144, 146, 524 N.E.2d 881, and Civ.R. 56(C).
 {¶ 11} The burden of showing that no genuine issue exists as to any material fact falls upon the moving party requesting summary judgment.Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. However, a plaintiff moving for summary judgment does not bear the burden to address a nonmoving defendant's affirmative defenses. ToddDevelopment Co., Inc. v. Morgan, 116 Ohio St.3d 461, 2008-Ohio-87, *Page 6 
at syllabus. If the moving party satisfies its initial burden, the nonmoving party then has the reciprocal burden outlined in Civ. R. 56(E) to set forth specific facts showing the there is a genuine issue for trial. If the nonmovant does not satisfy this evidentiary burden and the movant is entitled to judgment as a matter of law, the court should enter a summary judgment accordingly. Kulch v. Structural Fibers,Inc., 78 Ohio St.3d 134, 145, 1997-Ohio-219, 677 N.E.2d 308, citingDresher v. Burt (1996), 75 Ohio St.3d 280, 295, 662 N.E.2d 264.
 IV. Analysis {¶ 12} As already noted, Meshell failed to respond to the Bennetts' motion for a summary judgment. However,
 even where the nonmoving party fails completely to respond to the motion, summary judgment is improper unless reasonable minds can come to only one conclusion and that conclusion is adverse to the nonmoving party. Accordingly, as the burden is upon the moving party to establish the non-existence of any material factual issues, the lack of a response by the opposing party cannot, of itself, mandate the granting of summary judgment. Therefore, notwithstanding appellant's lack of response to appellees' motion for summary judgment, appellees are not entitled to summary judgment absent proof that such judgment is, pursuant to Civ.R. 56(C), appropriate.
 Morris v. Ohio Cas. Ins. Co. (1988) 35 Ohio St.3d 45, 47,517 N.E.2d 904, 907. Therefore, we must determine whether the Bennetts met their initial burden to demonstrate the absence of a genuine issue of material fact regarding the claims in their complaint.
 {¶ 13} The Bennetts filed several documents in support of their motion for a summary judgment: the signed and unsigned contracts, the receipts, and the printouts showing that Meshell had done business under an unregistered fictitious name. Meshell argues that the Bennetts failed to put forward proper summary judgment *Page 7 
evidence because they have not produced any "affidavits, transcripts of testimony[,] or certified documents, as is required by Civil Rule 56." However, Civ. R. 56 allows the party seeking affirmative relief to move for a summary judgment with or with supporting affidavits, and, having failed to object to the propriety of this evidence in the trial court, Meshell has forfeited any error in the trial court's use of this evidence. Thompson v. Ghee (10th Dist. 2000), 139 Ohio App.3d 195, 199,743 N.E.2d 459, 462 ("It is a fundamental tenet that a party who does not respond to an adverse party's motion for summary judgment may not raise issues on appeal that should have been raised in response to the motion for summary judgment."). However, "`"[w]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposingevidentiary matter is presented.''" Toledo's Great Eastern ShoppersCity, Inc. v. Abde's Black Angus Steak House No. III, Inc. (1986),24 Ohio St.3d 198, 202, 494 N.E.2d 1101, 1104, quoting Wright, Miller 
Kane, Federal Practice and Procedure, Civil 2d (1983) 523-524, Section 2739, quoting in turn Advisory Committee Note to Fed.R.Civ.P. 56
(emphasis in original). Here, the Bennetts have failed to demonstrate that there is no genuine issue of material fact regarding each element.
 {¶ 14} First, the Home Sales Solicitation Act only covers sales where the buyer's agreement or offer to purchase a good or service is given to the seller at the buyer's home or some other place other than the seller's place of business. In their complaint, the Bennetts allege that they entered the agreement with Meshell at their residence. However, in his answer, Meshell denied that the contract was signed at the Bennetts' residence, and he claimed the Home Sales Solicitations Act did not apply. On the face *Page 8 
of the pleadings, there is a genuine issue of material fact as to whether the Home Sales Solicitations Act applied to this transaction. None of the summary judgment evidence produced by the Bennetts indicates that negotiations occurred or that the contract was signed at their residence or at a place other than Meshell's place of business. Therefore, we hold that the Bennetts have failed in their initial burden to demonstrate an absence of material fact on each of their Home Sales Solicitation Act claims, and in spite of Meshell's failure to respond, the Bennetts were not entitled to summary judgment.
 {¶ 15} Second, the Bennetts have failed to demonstrate the absence of a genuine issue of material fact regarding their Consumer Sales Practices Act claims. Here, the Bennetts presented evidence that Meshell violated the Consumer Sales Practices Act by operating under an unregistered fictitious trade name and by failing to issue proper receipts as required by Ohio Administrative Code § 109:4-3-07. Although Meshell alleged in his Answer that several of the Bennetts' claims were barred by the statute of limitations, the Bennetts did not need to address this affirmative defense in their motion for a summary judgment in order to meet their initial burden. See Todd, 2008-Ohio-87, at syllabus ("A plaintiff or counterclaimant moving for summary judgment does not bear the initial burden of addressing the nonmoving party's affirmative defenses.").
 {¶ 16} In this case, the Bennetts allege that Meshell violated the Consumer Sales Practices Act on February 8, 2004, when he did business under an unregistered fictitious name. Additional violations allegedly occurred on February 8, 2004 and March *Page 9 
1, 2004, when Meshell issued receipts that did not conform to the Consumer Sales Practices Act as interpreted by regulations promulgated by the Attorney General.
 {¶ 17} For these violations, as with each of the others, the Bennetts sought both rescission of the contract and treble or statutory damages. However, R.C. 1345.09(B) requires the consumer to elect between suing for rescission, or suing for treble or statutory damages where the Revised Code makes an award of treble or statutory damages available.[1] Sabbatis v. Burkey, 166 Ohio App.3d 739, 2006-Ohio-2395,853 N.E.2d 329, at ¶ 15. Although it does not appear that the Bennetts ever elected which remedy they would pursue, the trial court entered a summary judgment rescinding the contract and awarding damages in the amount of $5,865.00, the amount that the Bennetts had paid Meshell for the heating and cooling system. Thus, it appears that the trial court awarded restitution in conjunction with the rescission of the contract. The Bennetts have not asserted any error by the trial court in this regard.
 {¶ 18} However, R.C. 1345.09(C)(1) provides that, "in any action for rescission, revocation of the consumer transaction must occur within a reasonable time after the consumer discovers or should have discovered the ground for it and before any *Page 10 
substantial change in condition of the subject of the consumer transaction." Meshell denies that the Bennetts attempted to rescind the contract prior to bringing their action almost one and a half years after receiving the receipt and more than two years after doing business under the unregistered fictitious name and issuing the other two improper receipts. The Bennetts have put forward no evidence showing when they discovered or should have discovered these violations of the Consumer Sales Practices Act. At the earliest, the Bennetts allege that they attempted to cancel the contract nine months after receiving the October 26, 2004, receipt. Furthermore, R.C. 1345.09(C)(1) provides that the buyer must cancel the contract before there is a substantial change in condition of the subject of the consumer transaction (here, the heating and cooling system). It is not clear from the record whether the Bennetts removed — and therefore, substantially altered — the heating and air conditioning system before they rescinded the contract. Reading the record in the light most favorable to Meshell, as we must, we conclude that there is a genuine issue of material fact as to whether the Bennetts attempted to rescind the contract in a reasonable time and before the heating and cooling system had been substantially altered. Accordingly, we hold that a summary judgment was improper on the Bennetts' claims that Meshell violated the Consumer Sales Practices Act by operating under an unregistered fictitious trade name and by issuing improper receipts.
 {¶ 19} The Bennetts also allege that Meshell breached the contract and violated the Consumer Sales Practices Act by failing to install the heating and cooling system in a workmanlike manner and by failing to fix any problems with this system. Meshell denies these allegations, and alleges that it was the Bennetts' negligence, rather than *Page 11 
his own breach of contract, that caused any of their damages. The Bennetts submitted no evidence regarding this question, nor have they pointed to places in the record demonstrating that Meshell lacks evidence supporting his allegations. Therefore, we hold that a genuine issue of material fact remains and that the Bennetts were not entitled to a summary judgment in their favor on the breach of contract claim.
 {¶ 20} Finally, the Bennetts argue, in the alternative, that Meshell's failure to comply with the trial court's pretrial orders and to appear at the pretrial hearing justified a default judgment against Meshell. They contend that, under the local court rule and following Meshell's failure to appear, the trial court could have immediately held a hearing to determine whether to enter a default judgment because the local rule gave Meshell fair warning that this could happen. Presumably, the Bennetts mean that this hearing could be had without additional notice to Meshell and without giving Meshell an opportunity to appear and be heard. We disagree.
 {¶ 21} Courts in Ohio are permitted to enact local rules as long as those rules are not inconsistent with any rules governing practice and procedure promulgated by the Supreme Court of Ohio. Civ. R. 83;State ex rel. Henneke v. Davis (1986), 25 Ohio St.3d 23,494 N.E.2d 1133; Mortgage Electronic Registration Systems, Inc. v. Zearley, Hocking App. No. 04CA11, 2004-Ohio-7283, at ¶ 8. Any local rule governing motion practice is therefore enforceable only to the extent that it is consistent with the Civil Rules. Vance v. Roedersheimer,64 Ohio St.3d 552, 554, 1992-Ohio-24, 597 N.E.2d 153; Mortgage Electronic RegistrationSystems, 2004-Ohio-7283, at ¶ 8. Civ. R. 55(A) provides that, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by [the Rules of Civil Procedure]," the *Page 12 
opposing party may apply for a default judgment in its favor. However, the record in this case does not show that the Bennetts specifically applied for a default judgment against Meshell. Moreover, Rule 55(A) provides that, when "the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." Mechell appeared in this action, filing, among other documents, an answer. Therefore, to the extent that the local court rule would allow the trial court to enter a default judgment without giving a party that has appeared in the action the requisite seven-days notice, that local court rule is inconsistent with the Rules of Civil Procedure and, therefore, unenforceable. See Ohio Furniture Co.v. Mindala (1986), 22 Ohio St.3d 99, 101, 488 N.E.2d 881, 883 ("A dismissal on the merits is a harsh remedy that calls for the due process guarantee of prior notice."). Because Meshell received no notice or opportunity to explain why he failed to appear at the pretrial conference, the trial court could not have entered a default judgment against him.
 VI. Conclusion {¶ 22} Because the Bennetts have failed to demonstrate the absence of a genuine issue of material fact on any of their claims, the trial court erred in entering a summary judgment in their favor.[2] *Page 13 
 JUDGMENT REVERSED AND CAUSE REMANDED. *Page 15 
 JUDGMENT ENTRY
It is ordered that the trial court's JUDGMENT IS REVERSED and that the CAUSE IS REMANDED. Appellees shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, J.: Concurs in Judgment and Opinion.
Kline, J.: Dissents with Attached Dissenting Opinion.
[1] R.C. 1345.09, which establishes the private cause of action for violations of the Consumer Sales Protection Act, provides:
 (A) Where the violation was an act prohibited by section 1345.02, 1345.03, or 1345.031 of the Revised Code, the consumer may, in an individual action, rescind the transaction or recover the consumer's damages.
 (B) Where the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B) (2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate section 1345.02, 1345.03, or 1345.031 of the Revised Code and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of section 1345.05 of the Revised Code, the consumer may rescind the transaction or recover, but not in a class action, three times the amount of the consumer's actual damages or two hundred dollars, whichever is greater, or recover damages or other appropriate relief in a class action under Civil Rule 23, as amended.
[2] The dissent indicates there is no final appealable order and the matter of treble damages remains pending. However, R.C. 1345.09(B) sets forth the remedies available to the consumer in certain instances where a unlawful consumer practice has been defined by administrative rule or judicial decision. In that instance, "the consumer may rescind the transaction or recover, but not in a class action, three times the amount of the consumer's actual damages or two hundred dollars, whichever is greater, or recover damages or other appropriate relief in a class action under Civil Rule 23, as amended." As noted above, the trial court apparently awarded restitution based on the rescission of the contract. Because the trial court could not order both rescission and award treble or statutory damages, the failure to award treble damages does not affect the finality of the judgment below. *Page 14