OPINION
{¶ 1} On December 17, 2003, appellant, Konrad Pilz, leased a new Ford F150 from Mullinax Ford North Canton, Inc. The vehicle experienced recurring and ongoing mechanical problems.
 {¶ 2} On October 28, 2005, appellant filed a lawsuit against appellee, Ford Motor Company, and others, claiming in pertinent part breach of warranty, and violations of the Lemon Law, the Magnuson-Moss Warranty Act, and the Consumer Sales Practices Act. The parties underwent alternative dispute resolution proceedings i.e., arbitration. As a result of the arbitration, appellee confessed judgment in the amount of $30,933.81 involving the Lemon Law claim, and took possession of the vehicle. See, Confession of Judgment filed May 15, 2006. An amended confession of judgment was filed on May 30, 2006.
 {¶ 3} On June 26, 2006, appellant filed a motion for attorney fees on his Lemon Law claim. On August 30, 2006, appellee filed a motion for summary judgment regarding appellant's claims under the Consumer Sales Practices Act. By judgment entry filed September 6, 2006, the trial court denied appellant's motion for attorney fees. Appellant filed a motion for reconsideration. By judgment entry filed October 18, 2006, *Page 3 
the trial court denied appellant's motion for reconsideration, and granted appellee's motion for summary judgment.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER R.C. 1345.75; OHIO'S `LEMON LAW.'"
 II {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON APPELLANT'S CONSUMER SALES PRACTICES ACT CLAIM, AS GENUINE ISSUES OF MATERIAL FACT REMAIN AS TO WHETHER APPELLEE FORD MOTOR COMPANY HINDERED AND DELAYED APPELLANT'S LEMON LAW REMEDY."
 I {¶ 7} Appellant claims the trial court erred in denying his motion for attorney fees pursuant to R.C. 1345.75. We disagree.
 {¶ 8} An award of attorney fees is generally subject to the trial court's sound discretion. Bittner v. Tri-County Toyota, Inc. (1991),58 Ohio St.3d 143. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. *Page 4 
 {¶ 9} Appellant argues he is entitled to an award of attorney fees under R.C. 1345.75(A) which states the following:
 {¶ 10} "Any consumer may bring a civil action in a court of common pleas or other court of competent jurisdiction against any manufacturer if the manufacturer fails to comply with section 1345.72 of the Revised Code and, in addition to the relief to which the consumer is entitled under that section, shall be entitled to recover reasonable attorney's fees and all court costs."
 {¶ 11} Conversely, appellee argues appellant is not entitled to attorney fees because he did not follow the mandates of R.C. 1345.77(B) which states the following:
 {¶ 12} "If a qualified informal dispute resolution mechanism exists and the consumer receives timely notification, in writing, of the availability of the mechanism with a description of its operation and effect, the cause of action under section 1345.75 of the Revised Code may not be asserted by the consumer until after the consumer has initially resorted to the informal dispute resolution mechanism. If such a mechanism does not exist, if the consumer is dissatisfied with the decision produced by the mechanism, or if the manufacturer, its agent, or its authorized dealer fails to promptly fulfill the terms determined by the mechanism, the consumer may assert a cause of action under section 1345.75 of the Revised Code."
 {¶ 13} In its September 6, 2006 judgment entry denying attorney fees, the trial court concluded the following:
 {¶ 14} "This Court agrees that the purpose of the Lemon Law is to make consumers whole, and to restore the purchaser to a position he or she occupied before acquiring the lemon. Fortner v. Ford Motor Co,1988 WL 172862 (Ohio App.5 Dist.). *Page 5 
The Court finds that, in the instant case, this would have occurred long ago for the Plaintiff had the matter properly proceeded to arbitration through the BBB, rather than delaying the matter with a premature filing of a Complaint and irresolvable issue as to attorney fees.
 {¶ 15} "Since the Court finds that the filing of the Complaint in the within matter was premature in that Plaintiff failed to first pursue his Complaint through the BBB, the Court finds that the Plaintiff is not entitled to attorney fees under the Lemon Law.
 {¶ 16} "For the same reasons the Court denied Plaintiffs claim for attorney fees under the Lemon Law, the Court also denies Plaintiffs claim for attorney fees under the Magnuson-Moss Warranty Act."
 {¶ 17} The trial court's analysis was based upon appellee's affidavit and the various exhibits attached to appellant's motion for attorney fees, as well as their respective legal arguments. Based upon the facts as presented, it is uncontested appellant did not first follow the mandates of R.C. 1345.77 and the Magnuson-Moss Warranty Act requiring an attempt to resolve his claims through an alternative dispute resolution program approved by the Ohio Attorney General. Appellee had an approved program in place at the time of this dispute. From appellant's own exhibits attached to his motion for attorney fees, it is clear that after appellee's refusal to honor his request for assistance, appellant did not request nor pursue arbitration, but instead filed a lawsuit. See, Plaintiff's Exhibit I attached to Plaintiff's Motion for Attorney Fees filed June 26, 2006.
 {¶ 18} Upon review, we concur with the trial court's decision, and do not find an abuse of discretion by the trial court in denying appellant's motion for attorney fees. *Page 6 
 {¶ 19} Assignment of Error I is denied.
 II {¶ 20} Appellant claims the trial court erred in granting summary judgment to appellee under the Ohio Consumer Sales Practices Act. We agree.
 {¶ 21} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 22} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 23} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 24} Appellee argues summary judgment is appropriate because appellant, under Ohio's Lemon Law, had already elected and received rescission of his contract. Because of this election, appellant no longer had any damages. *Page 7 
 {¶ 25} Appellant argues appellee engaged in stalling tactics and evaded its obligations under Ohio's Lemon Law therefore, appellee engaged in unfair, deceptive, and unconscionable practices under R.C.1345.02 et seq.
 {¶ 26} Because of the various facts alleged in appellant's affidavit filed in his response to appellee's motion for summary judgment, our inquiry is whether a consumer may pursue a claim under the Consumer Sales Practices Act after having received rescission under R.C. 1345.71
et seq.
 {¶ 27} We note R.C. 1345.71 et seq. provides for additional remedies: "The remedies in sections 1345.71 to 1345.78 of the Revised Code are in addition to remedies otherwise available to consumers under law." R.C.1345.75(B). Likewise, R.C. 1345.13 states: "The remedies in sections 1345.01 to 1345.13 of the Revised Code, are in addition to remedies otherwise available for the same conduct under state or local law."
 {¶ 28} R.C. 1345.09(A) provides for rescission or the recovery of damages: "Where the violation was an act prohibited by section 1345.02,1345.03, or 1345.031 of the Revised Code, the consumer may, in an individual action, rescind the transaction or recover the consumer's damages."
 {¶ 29} In Sabbatis v. Burkey, Tuscarawas App. No. 2005AP110082,2006-Ohio-2395, this court held in a Consumer Sales Practices Act case, other damages may be incurred as a result of a fraudulent inducement apart from rescission. The Supreme Court of Ohio has also found in violations under R.C. 1345.09(A), the word "damages" includes "all forms of compensatory relief, including noneconomic damages."Whitaker *Page 8 v. M.T. Automotive, Inc., 111 Ohio St.3d 177, 2006-Ohio-5481, paragraph one of the syllabus.
 {¶ 30} In this case, appellant received rescission under R.C. 1345.71
et seq. for his nonconforming vehicle. Appellant seeks an additional cause of action based upon facts after the vehicle was discovered to be nonconforming. Appellant alleges a separate and distinct cause of action under R.C. 1345.02 et seq. for acts allegedly committed by appellee in unnecessarily delaying his Lemon Law claim.
 {¶ 31} We conclude for the separately alleged acts of appellee under R.C. 1345.03 (unconscionable acts or practices), other damages are recoverable apart from rescission afforded under R.C. 1345.72. We find the affidavits allege operative and genuine issues of material fact regarding appellee's failure to respond to appellant.
 {¶ 32} Upon review, we find the trial court erred in granting summary judgment to appellee.
 {¶ 33} Assignment of Error II is granted.
 {¶ 34} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part and reversed in part.
 By Farmer, P.J. Wise, J. and Delaney, J. concur. *Page 9 
 JUDGEMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part and reversed in part, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellee. *Page 1