[Cite as *Matus v. Jacts Group, L.L.C.*, 2018-Ohio-1439.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| MARLENE C. MATUS | | C.A. No. 17CA0056-M |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| THE JACTS GROUP, LLC, et al. | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellee | | CASE No. 17CIV0158 |

DECISION AND JOURNAL ENTRY

Dated: April 16, 2018

---

SCHAFER, Presiding Judge.

**{¶1}** Appellant-Plaintiff, Marlene Matus, appeals the judgment of the Medina County Court of Common Pleas granting summary judgment in favor of Defendants-Appellees, The Jacts Group and Golden Dawn Enterprises. For the reasons that follow, we reverse, and remand.

I.

**{¶2}** On March 12, 2013, Ms. Matus had lunch with friends at a restaurant operated by The Jacts Group in a building constructed by Golden Dawn. Upon leaving the restaurant, Ms. Matus was injured when she fell walking from an elevated area to the ground level of the restaurant near a single riser stair.

**{¶3}** Ms. Matus thereafter filed a complaint against The Jacts Group and Golden Dawn on March 11, 2015. Ms. Matus' deposition was conducted and a site inspection of the restaurant took place, however, Ms. Matus voluntarily dismissed the case on February 19, 2016.

{¶4} Ms. Matus re-filed her complaint against The Jacts Group and Golden Dawn Enterprises, asserting claims of negligence against the defendants on February 15, 2017. On March 23, 2017, the trial court ordered that all discovery conducted in the previous case would apply in the present matter. Thereafter, The Jacts Group and Golden Dawn filed a joint motion for summary judgment on April 10, 2017. On May 24, 2017, Matus filed a motion for leave of court to amend her complaint and a motion for an order that requests for admission one through six directed to The Jacts Group and Golden Dawn be deemed admitted. Ms. Matus filed a response to the motion for summary judgment on June 2, 2017. The trial court ultimately granted summary judgment in favor of The Jacts Group and Golden Dawn. The trial court did not expressly rule upon Ms. Matus' motions for leave to amend her complaint or for an order that requests for admission one through six directed to The Jacts Group and Golden Dawn be deemed admitted.

{¶5} Ms. Matus filed this timely appeal, raising three assignments of error for our review.

II.

## Assignment of Error I

**The lower court erred when it granted summary judgments for the appellees.**

{¶6} In her first assignment of error, Ms. Matus contends that the trial court erred by granting summary judgment in favor of The Jacts Group and Golden Dawn. For the following reasons, we agree.

{¶7} In their motion for summary judgment, The Jacts Group and Golden Dawn argued that Ms. Matus' claim failed as a matter of law because she had already traversed the step at

issue or, in the alternative, because the step constituted an open and obvious condition. Under Civ.R. 56(C), summary judgment is appropriate when:

> (1)[no] genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The movant bears the initial burden of demonstrating the absence of genuine issues of material fact concerning the essential elements of the nonmoving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the moving party satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293. A review of a trial court's grant of summary judgment is considered de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Accordingly, we apply the same standard as the trial court, viewing the facts in the light most favorable to the non-moving party and resolving any doubt in the favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983); *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 360 (1992).

{¶8} To obtain relief in a negligence action, the plaintiff "must establish the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach of duty." *Mondi v. Stan Hywet Hall & Gardens, Inc.*, 9th Dist. Summit No. 25059, 2010-Ohio-2740, ¶ 11. Regarding premises liability, "[i]t is the duty of the owner of the premises to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition." *Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68 (1986). However, "[a] shopkeeper is not * * * an insurer of the customer's safety[,]" *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 203 (1985), and when "a danger is open and obvious, a landowner owes no duty of care to individuals lawfully

on the premises." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, syllabus; *see Andamasaris v. Annunciation Greek Orthodox Church*, 9th Dist. Summit No. 22191, 2005-Ohio-475, ¶ 14 ("An owner is under no duty to protect its customers from dangers * * * otherwise so obvious and apparent that a customer should reasonably be expected to discover them and protect herself from them."). Thus, the presence of an open and obvious danger "acts as a complete bar to any negligence claims." *Armstrong* at ¶ 5. The reasoning for such a complete bar "is that the open and obvious nature of the hazard itself serves as a warning [and the owner] may reasonably expect that persons entering the premises will discover [the hazard] and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644 (1992).

{¶9} "Open and obvious dangers are not hidden, are not concealed from view, and are discoverable upon ordinary inspection." *Zambo v. Tom-Car Foods*, 9th Dist. Lorain No. 09CA009619, 2010-Ohio-474, ¶ 8. "To decide whether a hazard is open and obvious, we must resolve 'the determinative issue [of] whether the [hazardous] condition is observable.'" (Internal quotation omitted.) *Fletcher v. Wal-Mart Stores, Inc.*, 9th Dist. Lorain No. 16CA010938, 2017-Ohio-1215, ¶ 10, quoting *Baker v. Bob Evans Farms, Inc.*, 9th Dist. Wayne No. 13CA0023, 2014-Ohio-2850, ¶ 11. Additionally, we "must look to the totality of the circumstances, considering 'both the nature of the dangerous condition and any attendant circumstances that may have existed at the time of the injury.'" *Baker* at ¶ 11, quoting *Gehm v. Tri-Cty., Inc.*, 9th Dist. Lorain No. 09CA009693, 2010-Ohio-1080, ¶ 8. Nonetheless, "[t]he existence of attendant circumstances do not create an exception to the open and obvious doctrine" but are rather "considered as part of the totality of the circumstances in determining whether a genuine issue of

material fact exists regarding whether a reasonable person would have discovered the hazard." *Gardner v. Kinstlinger*, 9th Dist. Summit No. 26374, 2012-Ohio-5486, ¶ 11.

{¶10} In their motion for summary judgment, The Jacts Group and Golden Dawn argued that Ms. Matus' claim failed as a matter of law because she had already traversed the step at issue or, in the alternative, because the step constituted an open and obvious condition. In support of their claims, The Jacts Group and Golden Dawn heavily relied on statements Ms. Matus made during her deposition. However, a review of the record shows that Ms. Matus' deposition was never filed in this case nor was it attached as an exhibit to either of the parties' motions below. Further, neither party has attempted to supplement the record on appeal to include Ms. Matus' deposition. Consequently, although the record does contain photographs of the step at issue and the deposition testimony of a woman familiar with the step, it is devoid of any deposition testimony from Ms. Matus regarding her ability to appreciate the danger of the step at the time of the incident. As stated above, the existence of attendant circumstances, or lack thereof, is considered as part of the totality of the circumstances in determining whether a genuine issue of material fact exists regarding whether a reasonable person would have discovered the danger of the step. *See Gardner* at ¶ 11. Consequently, upon review of the record in its current status, we cannot conclude that The Jacts Group and Golden Dawn have carried their initial *Dresher* burden to establish the applicability of the open and obvious doctrine. *See Parker v. Red Roof Inn*, 9th Dist. Summit No. 27894, 2016-Ohio-3147, ¶ 12.

{¶11} The Jacts Group and Golden Dawn alternatively argued that since Ms. Matus has previously traversed the step at issue, her claim failed as a matter of law pursuant to *Raflo v. Losantiville Country Club*, 34 Ohio St.2d 1 (1973), paragraph two of the syllabus ("One who enters a building by traversing a step described as 'abnormally high,' is charged with knowledge

of the presence of that abnormality upon exiting * * * ."). In response, Ms. Matus argued that *Raflo* was inapplicable because it was decided during a time when Ohio law recognized contributory negligence as a complete bar to a plaintiff's tort claim. Nonetheless, a review of the trial court's judgment entry shows a lack of any analysis on the issue of whether Ms. Matus was or was not charged with the knowledge of the presence of the abnormality of the step at issue due to her having previously traversed the step. This Court's "role on appeal is to review the trial court's decision and determine whether it is supported by the record." *Allen v. Bennett*, 9th Dist. Summit Nos. 23570, 23573, 23576, 2007-Ohio-5411, ¶ 21. Accordingly, "[b]ecause this Court acts as a reviewing court, it should not consider for the first time on appeal issues that the trial court did not decide." *Id.* "This applies regardless of the fact that this Court's review of an award of summary judgment is de novo." *Montville Lakes Cluster Homeowners Assoc. Phase One v. Montville Lakes Homeowners Assoc.*, 9th Dist. Medina No. 16CA0082-M, 2017-Ohio-7920, ¶ 17.

{¶12} Therefore, because The Jacts Group and Golden Dawn did not meet their initial *Dresher* burden to establish that no genuine issues of material fact existed, The Jacts Group and Golden Dawn are not entitled to judgment as a matter of law, and the trial court erred in granting their motion for summary judgment.

{¶13} Ms. Matus' first assignment of error is sustained.

**Assignment of Error II**

**The lower court erred when it denied the appellant's motion for an order that requests for admissions 1 through 6 to the appellees are admitted.**

**Assignment of Error III**

**The lower court erred when it denied the appellant's motion for leave of court to file an amended complaint.**

{¶14} In her second assignment of error, Ms. Matus contends that the trial court erred when it denied her motion for an order to deem Ms. Matus' requests for admission one through six as admitted. In her third assignment of error, Ms. Matus contends that the trial court erred by not granting her leave to file an amended complaint. Nonetheless, a review of the record shows that the trial court never expressly ruled on either motion. "Generally, when a trial court fails to rule on a motion, as is the case here, the motion will be considered denied for purposes of appellate review." *Canfield v. Columbia Gas Transmission, LLC*, 9th Dist. Lorain No. 15CA010838, 2016-Ohio-5662, ¶ 20 (collecting cases). However, given our resolution of Ms. Matus' first assignment of error determining that The Jacts Group and Golden Dawn were not entitled to summary judgment, Ms. Matus' motion for an order to deem Ms. Matus' requests for admission one through six as admitted and her leave to file an amended complaint will still be pending before the trial court on remand. *See Id.* Therefore, assignments of error two and three are not yet ripe for review and we decline to address them.

III.

{¶15} Ms. Matus' first assignment of error is sustained. Ms. Matus' second and third assignments of error are not yet ripe for review. The judgment of the Medina County Court of Common Please is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgement reversed,
and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

MARK E. STEPHENSON, Attorney at Law, for Appellant.

CRAIG J. PELINI and ERIN E. KELLY, Attorneys at Law, for Appellee.