CARR, J., DISSENTING.
 

 {¶ 24} I respectfully dissent from the judgment of the majority as I would sustain
 a portion of Brar's first assignment of error. This Court has routinely held that a trial court speaks through its journal entries.
 
 See, e.g.,
 

 Drillers Place, Ltd. v. Mormack Industries,
 
 9th Dist. Wayne No. 13CA0056,
 
 2016-Ohio-167
 
 ,
 
 2016 WL 228842
 
 , ¶ 33. Here, in its judgment entry, the trial court specifically listed the evidence it considered: the deposition transcript of Mr. Brar and the transcript of the trial testimony. Notably absent from the list was the deposition transcript of Mr. Patel. While it is possible that the trial court's failure to include Mr. Patel's deposition transcript in that list was merely a typographical omission, it is equally possible that the trial court omitted that transcript from the list because the trial court failed to consider that evidence. As it is not the role of this Court to review evidence in the first instance and arrive at a verdict, I would sustain the relevant portion of Mr. Patel's first assignment of error and remand the matter for the trial court to consider all of the evidence and thereafter render a verdict.
 
 See
 

 Matus v. Jacts Group, LLC
 
 , 9th Dist. Medina,
 
 2018-Ohio-1439
 
 ,
 
 110 N.E.3d 935
 
 , ¶ 11.