[Cite as *HB Martin Logistics, Inc. v. Hissong Group, Inc.*, 2023-Ohio-4836.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

HB MARTIN LOGISTICS, INC.

    Appellee/Cross-Appellant

    v.

PACCAR, INC. DBA KENWORTH
TRUCKING COMPANY

    Defendant

    and

HISSONG GROUP, INC.

    Appellant/Cross-Appellee

C.A. No.    30566

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2020-06-1808

DECISION AND JOURNAL ENTRY

Dated: December 29, 2023

FLAGG LANZINGER, Judge.

**{¶1}** Hissong Group, Inc. ("Hissong") appeals from the judgment of the Summit County Court of Common Pleas dated December 13, 2022, that denied its motion for judgment notwithstanding the verdict. HB Martin Logistics, Inc. ("HBM") cross-appeals from the judgment of the Summit County Court of Common Pleas dated October 11, 2022, that entered final judgment in its favor, but implicitly denied its motion for prejudgment interest. For the following reasons, this Court affirms the judgment dated December 13, 2022, reverses the judgment dated October 11, 2022, to the extent it implicitly denied HBM's motion for prejudgment interest, and remands the matter for further proceedings.

I.

{¶2}    The underlying case has a lengthy procedural history, much of which is not relevant to the disposition of this appeal.  This Court, therefore, will limit its recitation of the facts and procedural history accordingly.

{¶3}    Heather Martin is the president of HBM.  On September 9, 2016, Ms. Martin signed a one-page, double-sided purchase agreement (the "Purchase Agreement") to purchase a 2017 Kenworth T680 semi-truck from Hissong.  The front page of the Purchase Agreement provided that the semi-truck was sold "with manufacturers standard new truck warranty[.]"  The front page also provided that "[t]he seller hereby expressly disclaims all warranties, either expressed or implied, including any implied warranty of merchantability or fitness for a particular purpose * * *."  The back page of the Purchase Agreement provided that:

> [i]t is expressly agreed that there are no warranties, express or implied, made by either Dealer of Manufacturer except * * * [t]he only warranty extended to the original buyer of a vehicle by Dealer shall be limited to the prevailing published warranties of the Manufacturer of vehicle or Manufacturer of components.

No written warranties were attached to the Purchase Agreement.

{¶4}    Per Ms. Martin's affidavit, on September 27, 2016, Hissong sent her two limited warranty agreements via email: (1) the "Kenworth Truck Company Limited Warranty Agreement[;]" and (2) the "Paccar Engine Limited Warranty Agreement" (the "LWAs").  Both LWAs contained the following language: "It is agreed that you have 12 months from the accrual of the cause of action to commence any legal action arising from the purchase or use of" the semi-truck or the engine "or be barred forever."  (Emphasis sic.)  Ms. Martin averred that she read, signed, and returned the LWAs to Hissong on the same day she received them.[1]

---

[1] The record reflects that Ms. Martin testified at her deposition that she read the LWAs prior to purchasing the semi-truck.  Ms. Martin later submitted an affidavit wherein she averred:

{¶5}    On June 22, 2020, HBM sued Hissong, asserting the following claims related to HBM's purchase of the semi-truck: (1) breach of contract/express warranty; (2) breach of contract/implied warranty; and (3) negligence.  HBM alleged that after it purchased the semi-truck, its drivers experienced numerous issues with the semi-truck's coolant system.  HBM alleged that, despite Hissong's numerous attempts, Hissong was ultimately unable to repair the semi-truck, which lead to a third party having to install a new engine block.  HBM alleged that this caused it to sustain damages, including lost revenue and the cost of having a third party replace the semi-truck's engine.

{¶6}    After a period of discovery, Hissong moved for summary judgment.  In its motion, Hissong argued, in part, that HBM's claims were time-barred by the "abridged 12-month statute of limitations period" set forth in the LWAs.

{¶7}    In its brief in opposition to Hissong's motion for summary judgment, HBM indicated that it would "forgo further prosecution" of its breach of contract/express warranty claim because it could not be made whole without the recovery of consequential damages, which were not recoverable under the LWAs.  HBM, therefore, indicated that the trial court could enter partial summary judgment in favor of Hissong on that claim.

{¶8}    HBM then argued that Hissong was not entitled to summary judgment, in part, because a genuine issue of fact remained regarding whether the LWAs failed their essential

---

In my deposition, I testified "yes" in response to two questions as to whether I read the truck warranty and the engine warranty "before purchasing the vehicle."  I answered yes because I assumed that when the attorney referred to "purchasing the vehicle," she meant the whole process of paying the purchase price and completing all the paperwork the dealer said it needed.  If I had understood that the purchase was complete on September 9, 2016, I would have answered "no" to her questions because I did not receive and read the LWAs until September 27, 2016.

4

purpose. If they did, HBM argued, then: (1) the LWAs did not govern the parties' rights and obligations, including HBM's contractual obligation to pursue any claims against Hissong within 12 months of their accrual; and (2) in the absence of enforceable express warranties, HBM was entitled to seek compensation for Hissong's breach of implied warranties of merchantability and fitness for a particular purpose, and for negligence.

{¶9} In its judgment entry, the trial court acknowledged HBM's desire to "forgo further prosecution" of its breach of contract/express warranty claim and granted judgment in favor of Hissong on that claim. The trial court then addressed Hissong's argument regarding the 12-month limitation period as follows:

> [HBM] has waived any and all claims under the express limited warranties. HBM is now only proceeding under the theories of breach of implied warranty of merchantability or fitness for an intended purpose, and negligence. Both of those claims have two year statute of limitations. "[W]hether a suit is brought in contract or tort, when the 'essence' of an action is wrongful harm to person or personal property, the R.C. 2305.10 statute of limitations is the appropriate one to apply." *Ressallat v. Burglar & Fire Alarms, Inc.* (1992), 79 Ohio App.3d 43, 49, 606 N.E.2d 1001. Based upon the foregoing, this Court finds that [HBM's] remaining claims are not barred by the *contractual* 12 month statute of limitations and denies [Hissong's] motion for summary judgment on this defense.

(Emphasis sic.) The trial court ultimately denied Hissong's motion for summary judgment on HBM's claims against it for breach of contract/implied warranty and negligence.

{¶10} Two days after the trial court issued its ruling on Hissong's motion for summary judgment, Hissong filed a motion for judgment on the pleadings on HBM's implied-warranty claim. In it, Hissong acknowledged the trial court's determination in its summary-judgment ruling that the contractual 12-month limitations period did not apply, and its purported ruling that the two-year statute of limitations period under R.C. 2305.10 applied. Hissong argued that, even under the two-year statute of limitations period, HBM's implied-warranty claim was still time-barred.

{¶11}   HBM filed a brief in opposition to Hissong's motion for judgment on the pleadings. In its opposition, HBM argued that the four-year statute of limitations set forth in R.C. 1302.98 applied to its implied-warranty claim, and that the trial court's statement in its summary-judgment ruling that the two-year statute of limitations period under R.C. 2305.10 applied was merely dictum.

{¶12}   Hissong filed a reply in support of its motion, and HBM filed a surreply.  In its surreply, HBM argued, in part, that Hissong failed to assert a statute of limitations or contractual limitations period as an affirmative defense in its answer and, therefore, had waived those defenses. Several days later, Hissong moved for leave to amend its answer to "formally include in its Answer affirmative defenses concerning the untimeliness of [HBM's] claim."

{¶13}   In a combined judgment entry, the trial court denied Hissong's motion for judgment on the pleadings and its motion for leave to amend its answer.  Regarding Hissong's motion for judgment on the pleadings, the trial court noted that the issue of which statute of limitations period applied to HBM's implied-warranty claim was not before it when it ruled on Hissong's motion for summary judgment.  The trial court acknowledged that it referred to the two-year limitations period under R.C. 2305.10 in its ruling, but indicated that it did so without considering whether that statute of limitations actually applied to HBM's implied-warranty claim.  The trial court clarified that, when ruling on Hissong's motion for summary judgment on HBM's implied-warranty claim, its judgment was limited to the conclusion that the 12-month contractual limitations period was not applicable.  The trial court then concluded that the four-year statute of limitations period under R.C. 1302.98 applied to HBM's implied-warranty claim.  In doing so, the trial court explained:

> In this case, there is no question that HB Martin has sued upon the contract of sale with Hissong.  * * *  The Ohio Supreme Court previously held that where a contract exists, and a party makes a claim for breach of an implied warranty, the commercial contract is subject to the UCC Codes.  * * *  In this case, the parties entered into

such a commercial contract and are in privity. Thus, the four year statute of limitation found in ORC 1302.98, is controlling.

The trial court, therefore, denied Hissong's motion for judgment on the pleadings.

{¶14} The trial court then addressed Hissong's motion for leave to amend its answer. The trial court denied Hissong's motion, reasoning:

At this juncture, protracted litigation has occurred in this matter including multiple motions for summary judgment and now, Hissong's own Motion for Judgment on the Pleadings. Due to Hissong's failure to timely plead the defense of the statute of limitations, Hissong's Motion for Leave to Amend its Answer is denied.

{¶15} The following day, Hissong filed a second motion for judgment on the pleadings on HBM's implied-warranty claim. In it, Hissong argued that it was not submitting its motion pursuant to any statute of limitations defense. Rather, it argued, HBM failed to state a claim upon which relief could be granted because, by contract, HBM had 12 months to file any claims against it and HBM failed to do so.

{¶16} The trial court denied Hissong's second motion for judgment on the pleadings on the basis that Hissong did not obtain leave of court prior to filing the motion. The trial court also reasoned that Hissong's motion was untimely due to the impending trial date. As a result, the trial court struck Hissong's second motion for judgment on the pleadings.

{¶17} The matter proceeded to a jury trial. At trial, HBM proceeded under the theory that the express warranties failed their essential purpose, which enabled HBM to recover under its implied-warranty claim. Following the close of HBM's case, Hissong moved for directed verdict, in part, based upon HBM's failure to bring its claims within the 12-month contractual limitations period. The trial court denied Hissong's motion in that regard, holding that the issue had already been ruled upon.

**{¶18}** The jury ultimately determined that the express warranties failed their essential purpose, that Hissong breached the implied warranty of merchantability, and that HBM was entitled to damages. Accordingly, the trial court entered judgment in favor of HBM in the amount of $443,625.00 plus post-judgment interest.

**{¶19}** Hissong then filed a motion for judgment notwithstanding the verdict on HBM's claim for breach of implied warranty of merchantability. In it, Hissong argued that HBM failed to present a cognizable claim for breach of implied warranty because, by contract, HBM had 12 months to file any claims against it and failed to do so.

**{¶20}** In response, HBM argued that Hissong could not use a motion for judgment notwithstanding the verdict to challenge the trial court's pre-judgment rulings. HBM also argued that, even if Hissong could challenge the trial court's rulings regarding the inapplicability of the 12-month contractual limitations period contained within the LWAs, the LWAs (and any limitations period contained therein) could not reduce the four-year statute of limitations because Hissong did not provide HBM with the LWAs until after the sale of the semi-truck.

**{¶21}** The trial court held a hearing on Hissong's motion for judgment notwithstanding the verdict. During the hearing, HBM argued, in part, that the LWAs were not part of the Purchase Agreement, nor were they properly incorporated by reference into the Purchase Agreement. As a result, HBM argued, the 12-month limitations period contained within the LWAs was not enforceable and could not be used to reduce the four-year statute of limitations period.

**{¶22}** Following the hearing, the trial court denied Hissong's motion for judgment notwithstanding the verdict. Hissong now appeals, raising three assignments of error for this Court's review. HBM cross-appeals, assigning as error that the trial court erred by implicitly

denying its motion for prejudgment interest when it issued its final judgment. This Court will address Hissong's assignments of error first.

## II.

### HISSONG'S ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY PERMITTING HBM'S BREACH OF IMPLIED WARRANTY CLAIM TO PROCEED, EVEN THOUGH IT WAS NOT A LEGALLY COGNIZABLE CLAIM UNDER THE TERMS OF THE PARTIES' COMMERCIAL AGREEMENT.

{¶23} In its first assignment of error, Hissong argues that the trial court erred by allowing HBM's implied-warranty claim to proceed. Consistent with its position below, Hissong argues that HBM's claim was not legally cognizable because HBM failed to bring the claim within the 12-month contractual limitations period. As a result, Hissong argues, the trial court erred in ruling on Hissong's motion for summary judgment, its second motion for judgment on the pleadings, its motion for directed verdict, and its motion for judgment notwithstanding the verdict, all of which were premised–in relevant part–upon HBM's failure to timely file its claims within the 12-month contractual limitations period. For the following reasons, this Court disagrees.

{¶24} The issue before this Court is whether the trial court erred by failing to apply the 12-month contractual limitations period contained within the LWAs to HBM's implied-warranty claim. R.C. 1302.98(A) provides that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." *See Miller v. All Am. Homes of Ohio, L.L.C.*, 6th Dist. Ottawa No. OT-12-010, 2013-Ohio-1085, ¶ 11 (acknowledging that R.C. 1302.98(A) applies to implied-warranty claims). It also provides that "[b]y the *original agreement* the parties may reduce the period of limitation to not less than one year * * *." (Emphasis added.) R.C. 1302.98(A).

**{¶25}** Here, the record reflects that Ms. Martin signed the Purchase Agreement for the semi-truck on September 9, 2016. The Purchase Agreement did not include a provision setting forth a 12-month limitations period for HBM to assert claims against Hissong. Instead, the 12-month limitations period was set forth in the LWAs, which–according to Ms. Martin's affidavit– Hissong sent to her via email on September 27, 2016 (i.e., 18 days later). A review of the LWAs confirms that Ms. Martin signed them on September 27, 2016. The issue, then, turns to whether the LWAs were incorporated by reference into the original agreement (i.e., the Purchase Agreement) such that the 12-month limitations period was part of the "original agreement" for purposes of R.C. 1302.93(A). For the following reasons, this Court concludes that they were not.

**{¶26}** "Ohio contract law includes the doctrine of incorporation by reference." *Volovetz v. Tremco Barrier Sols., Inc.*, 10th Dist. Franklin No. 15AP-1056, 2016-Ohio-7707, ¶ 26. "Under that doctrine, when a document is incorporated into a contract by reference, that document becomes part of the contract." *Id.* "Whether a contract has incorporated another document by reference presents a question of law for a court to determine." *Id.* at ¶ 27.

**{¶27}** "Generally, 'the parties to a contract may incorporate contractual terms by reference to a separate, noncontemporaneous document, including * * * a separate document which is unsigned[,]' if 'the contract makes clear reference to the document and describes it in such terms that its identity may be ascertained beyond doubt.'" (Alterations sic.) *Id.*, quoting 11 Lord, *Williston on Contracts*, Section 30:25, 294-301 (4th Ed.2012). "[T]he contract language must also clearly demonstrate that the parties intended to incorporate all or part of the referenced document." *Volovetz* at ¶ 27. "[M]ere reference to another document is not sufficient to incorporate that document into a contract * * *." *Id.* In other words:

> the language used in a contract to incorporate extrinsic material by reference must explicitly, or at least precisely, identify the written material be[ing] incorporated

and must clearly communicate that the purpose of the reference is to incorporate the referenced material into the contract * * *.

(Alteration sic.) *Id.*, quoting *Northrop Grumman Information Technology, Inc. v. United States*, 535 F.3d 1339, 1345 (Fed.Cir.2008); *accord Bd. of Edn. of Martins Ferry City School Dist. v. Colaianni Constr., Inc.*, 7th Dist. Belmont No. 22 BE 0032, 2023-Ohio-2285, ¶ 91; *Bennett v. KeyBank, N.A.*, 6th Dist. Lucas No. L-19-1249, 2020-Ohio-1152, ¶ 25; *Capital Real Estate Partners, LLC v. Nelson*, 12th Dist. Warren Nos. CA2018-08-085, CA2018-08-094, 2019-Ohio-2381, ¶ 15.

{¶28} Here, as noted in this Court's recitation of the facts, the front page of the Purchase Agreement provided that the semi-truck was sold "with manufacturers standard new truck warranty[.]" The Purchase Agreement did not clearly reference or describe the "Kenworth Truck Company Limited Warranty Agreement" or the "Paccar Engine Limited Warranty Agreement" in such terms that their identities could be ascertained beyond doubt. *See Volovetz* at ¶ 27. Nor did the Purchase Agreement contain any language clearly demonstrating that the parties intended to incorporate the LWAs into the Purchase Agreement. *Id.* Instead, the Purchase Agreement merely referenced a generic "manufacturers standard new truck warranty" without any mention of an engine warranty. As a matter of law, this was insufficient to incorporate the LWAs into the Purchase Agreement. *Volovetz* at ¶ 27. As a result, the 12-month limitations period contained within the LWAs could not be considered part of the "original agreement" for purposes of reducing the four-year statute of limitations under R.C. 1302.93(A). Accordingly, Hissong has not established that the trial court erred by declining to apply the 12-month limitations period to HBM's claims.

{¶29} In reaching this conclusion, this Court is mindful of Hissong's arguments to the contrary, including HBM's acknowledgment below that it purchased the semi-truck subject to the

LWAs. The dispositive issue before this Court, however, is whether–as a matter of law–the 12-month limitations period contained within the LWAs was part of the "original agreement" for purposes of R.C. 1302.93(A). Despite any argument to the contrary, it was not. As a result, Hissong's first assignment of error is overruled.

## HISSONG'S ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY CONCLUDING THAT HISSONG WAIVED ITS DEFENSE CONCERNING HBM'S NON-COMPLIANCE WITH THE 12-MONTH CONTRACTUAL TIME LIMIT.

## HISSONG'S ASSIGNMENT OF ERROR III

IF HISSONG WAS REQUIRED TO SPECIFICALLY PLEAD ADDITIONAL TEMPORAL DEFENSES, THE TRIAL COURT ERRED IN DECLINING TO PERMIT HISSONG TO AMEND ITS ANSWER TO ASSERT THOSE DEFENSES.

{¶30} In light of this Court's resolution of Hissong's first assignment of error, Hissong's second and third assignments of error are moot, and are overruled on that basis. *See* App.R. 12(A)(1)(c).

## HBM'S CROSS-ASSIGNMENT OF ERROR

BECAUSE IT IS MANDATORY TO AWARD PREJUDGMENT INTEREST TO THE PREVAILING PLAINTIFF IN A CONTRACT ACTION, THE TRIAL COURT ERRED BY FAILING TO RULE ON, AND THUS IMPLIEDLY DENYING, PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST.

{¶31} In its cross-assignment of error, HBM argues that the trial court erred by failing to rule on its motion for prejudgment interest, which resulted in the effective denial of that motion. For the following reasons, this Court reverses and remands the matter for further proceedings.

{¶32} The record reflects that the jury rendered its verdict on September 21, 2022. HBM filed a motion for prejudgment interest pursuant to R.C. 1343.03(A) on September 28, 2022. On October 11, 2022, the trial court entered judgment in favor of HBM based upon the jury's verdict.

The trial court did not address HBM's pending motion for prejudgment interest in that judgment entry. As a result, that motion is considered denied for purposes of appellate review. *Matus v. Jacts Group, LLC*, 9th Dist. Medina No. 17CA0056-M, 2018-Ohio-1439, ¶ 14, quoting *Canfield v. Columbia Gas Transm., LLC*, 9th Dist. Lorain No. 15CA010838, 2016-Ohio-5662, ¶ 20 ("Generally, when a trial court fails to rule on a motion, * * * the motion will be considered denied for purposes of appellate review.").

{¶33} Regarding prejudgment interest, R.C. 1343.03(A) provides that:

[i]n cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.

{¶34} When a prevailing party is entitled to prejudgment interest, "[t]he only matter within the court's discretion is the determination of the starting date upon which to begin calculating the prejudgment interest." *Magnum Steel & Trading, L.L.C. v. Mink*, 9th Dist. Summit No. 26127, 2013-Ohio-2431, ¶ 55, quoting *Desai v. Franklin*, 177 Ohio App.3d 679, 2008-Ohio-3957, ¶ 31 (9th Dist.).

{¶35} As noted, HBM's motion for prejudgment interest is considered denied for purposes of appellate review. *Matus* at ¶ 14. The lack of any explanation as to the trial court's denial of HBM's motion for prejudgment interest puts this Court in the position of having to determine the merits of HBM's argument in the first instance, which this Court will not do. *See S.C. v. T.H.*, 9th Dist. Summit No. 29594, 2020-Ohio-2698, ¶ 10. This Court finds it necessary to

remand the matter for the trial court to explain its reasoning for denying HBM's motion. HBM's cross-assignment of error is sustained on that basis.

III.

**{¶36}** Hissong's assignments of error are overruled. HBM's cross-assignment of error is sustained. The judgment of the Summit County Court of Common Pleas dated December 13, 2022, that denied Hissong's motion for judgment notwithstanding the verdict is affirmed. The judgment of the Summit County Court of Common Pleas dated October 11, 2022, that entered final judgment in favor of HBM is reversed to the extent it implicitly denied HBM's motion for prejudgment interest. The matter is remanded for further proceedings consistent with this Court's decision.

Judgment dated December 13, 2022, is affirmed,<br>judgment dated October 11, 2022, is reversed to the extent detailed above,<br>and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant/Cross-Appellee.

_____
JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JOHN N. CHILDS, ALEX MCCALLION, and MATHEW E. DONEY, Attorneys at Law, for Appellant/Cross-Appellee.

CHARLES I. KAMPINSKI and KRISTIN M. ROBERTS, Attorneys at Law, for Appellee/Cross-Appellant.